IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00063-FDW

| | |
|---|---|
| DENNIS ROGER VANDYKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES PROBATION ) | |
| OFFICE, PROBATION STAFF; ) | **ORDER** |
| STATE OF NORTH CAROLINA ) | |
| DEPARTMENT OF CORRECTIONS; ) | |
| AVERY MITCHELL CI; ) | |
| TABOR CITY CI; PENDER CI; ) | |
| GREEN CI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of the pro se complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).[1]

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Greene Correctional Institution. Plaintiff was convicted on November 7, 2013, of discharging a firearm into occupied property; his projected release date is May 15, 2016.[2] In his complaint, Plaintiff contends, among other things, that he is unlawfully subject to four months of federal probation following his release from state custody.

Plaintiff has filed numerous § 1983 complaints in this district, and been allowed to proceed in forma pauperis on more than three occasions, and more than three of the complaints

---

[1] Plaintiff has been allowed to proceed in forma pauperis. (1:16-cv-00038, Doc. No. 4).
[2] The information regarding Plaintiff's criminal history was obtained from the website maintained by the North Carolina Department of Public Safety.

1

have been dismissed under 28 U.S.C. § 1915A(b).[3] See Vandyke v. Abernathy, et al., No. 1:16-cv-00062 (W.D.N.C. Mar. 18, 2016) (citing cases).

The Prisoner Litigation Reform Act (PLRA) provides an express limitation on a prisoner's ability to file a § 1983 complaint providing, in pertinent part that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has failed to fairly allege that he is under imminent risk of physical harm; therefore his claim for monetary damages will be dismissed.

To the extent Plaintiff is challenging the computation of his sentence or his term of probation, Plaintiff's complaint sounds in habeas and therefore he must raise those claims, if at all, in a petition filed pursuant to 28 U.S.C. § 2241. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426 (2004); United States v. Johnson, 317 F. App'x 336, 337 n.2 (4th Cir. 2009) (claim for computation of sentence by the Bureau of Prisons must be "pursued in a petition under 28 U.S.C. § 2241 (2006), which is properly commenced in the federal district court for the district in which [the prisoner] is confined.") (citing United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989)).

Based on the foregoing, the Court finds that Plaintiff's § 1983 complaint will be dismissed.

---

[3] Section 1915A(b) provides that the court shall dismiss a prisoner complaint if it is frivolous, malicious or fails to state a claim for relief, or if it seeks monetary damages from a defendant that is immune from that relief.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED.** (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: April 5, 2016

Frank D. Whitney
Chief United States District Judge